UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL WOOD | : | Case No. 3:22-cv-351 |
| Plaintiff, | : | |
| vs. | : | Judge Walter H. Rice |
| | : | Magistrate Judge Elizabeth P. Deavers |
| ANTHONY REYNOLDS, ET. AL., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Michael Wood, a prisoner proceeding pro se,[1] filed an action alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, naming several police officers as defendants in their official and individual capacities. ECF No. 1. Plaintiff has paid the filing fee in full. ECF No. 4.

The matter is currently before the undersigned Magistrate Judge to conduct the initial screen required by law. 28 U.S.C. § 1915A(a) (requiring screening of any complaint filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity"). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff be allowed to **PROCEED** at this time on his wrongful arrest claims against Defendants Reynolds, Garman,

---

[1] Plaintiff is currently in custody at London Correctional Institution post-conviction on unrelated charges in case number 22CR0488. *See* Letter, ECF No. 3; *see also* Clark County Court of Common Pleas and the Ohio Department of Rehabilitation & Correction website, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A805984 (confirming current incarceration location and case number) (last accessed December 28, 2022); http://commonpleas.clarkcountyohio.gov/eservices/searchresults.page;jsessionid=D519EEE7BCE8C48C7C71D81F95524ADD (confirming case number and date of filing) (last accessed December 28, 2022).

and Stortz (in their individual capacities), and on his unlawful vehicle search claim against Defendant Stortz in his individual capacity. The Undersigned also **RECOMMENDS** that the remaining claims against all defendants in their individual and official capacities be **DISMISSED without prejudice**.

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also incarcerated, the Court is required to conduct an initial screen of his Complaint.[2] 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and

---

[2] Plaintiff characterizes this lawsuit as "not a prisoner's rights case," but merely a civil matter brought while he is incarcerated. ECF. No. 3. This "distinction" is not germane to the review process, however, as because Plaintiff is currently incarcerated, and he brought this suit against government officials, the Court must proceed with initial review as set forth in 28 U.S.C. § 1915A(a). In the same letter Plaintiff also indicates that venue was improperly transferred from the Dayton division to the Columbus division, ECF No. 3, apparently referencing the deficiency notice issued by the Clerk of Court in the Eastern Division of Columbus, *see* ECF No. 2. The Court notes that although the deficiency notice was issued by the Columbus division because the Undersigned presides in Columbus, the case has not been transferred and remains properly in the Dayton division.

conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

Finally, in the interest of justice, this Court is required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**II.    Claims and Defendants**

The Complaint details a series of events leading up to Plaintiff's arrest and detention on the evening of January 9, 2021, through April 2021, when his case was dismissed.[3]   ECF No. 1 at PAGEID 2–6.  In summary, Plaintiff alleges he was followed, searched, and falsely arrested without cause, he was then inappropriately touched and had his blood drawn unlawfully after his arrest, and was subsequently maliciously prosecuted until all charges against him were dismissed.[4]  *Id.*   Plaintiff names officers Anthony Reynolds ("Reynolds") and Russell Garman ("Garman") of the German Township Police Department, and officer Zach Stortz ("Stortz") from

---

[3] Plaintiff's claims are timely as, "[t]he applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual." *Huntsman v. Perry Local Schools Bd. of Educ.,* 379 F. App'x 456, 461 (6th Cir. 2010)

[4] The Court takes judicial notice of the Clark County Court of Common Pleas website which reflects that Plaintiff was the defendant in Case No. 21CR0032 and that on March 24, 2021, the case was dismissed by the government without prejudice.  *See* http://commonpleas.clarkcountyohio.gov/eservices/;jsessionid=D519EEE7BCE8C48C7C71D81F95524ADD?x=SVZrrJ0JqtndLzZfRVykupbIbgHFcFLRtxH1lVQOo2xRuKfcVrqhqavom3fyIeLe66yLCZYE*uHcYhgvk-eXpAtfzxs5QxwDgUhiGLQd3B (last accessed January 15, 2023).

the Clark County Sherriff's Department, in their official and individual capacities as defendants (collectively "Defendants"). *Id.* at PAGEID 1, 6–11.

The Court has endeavored to group and categorize Plaintiff's allegations into potential constitutional violations for screening purposes, *see Barhite*, 377 F. App'x at 511 (citing *United States v. McDonald,* 326 Fed. App'x 880, 882 (6th Cir. 2009)) ("courts may elect to recharacterize pro se filings for the benefit of the pleader"), as follows:

A. Fourth and Fourteenth Amendment false arrest claims of "failure to ID," Obstructing Official Business, and "OVI;"

B. Fourth and Fourteenth Amendment unreasonable search and seizure claims for search of his car, for contact with his genitals during a pat down, and search of his blood;

C. Fourth and Fourteenth Amendment malicious prosecution claims, (failure to ID, Obstructing Official Business, OVI);

D. Nine claims of conspiracy to interfere with constitutional rights under 42 U.S.C. § 1985; and

E. Nine claims of failure to prevent conspiracy to interfere with constitutional rights under 42 U.S.C. § 1986.

ECF No. 1. Plaintiff seeks "punitive and compensatory redress in the amount of $312,252.04 for violation(s) of [his] Natural, Constitutional and Statutory Rights.". *Id.* at PAGEID 1.

The specific facts relevant to each category are described in the Discussion sections that follow.

### III. Discussion

#### A. Section 1983

Plaintiff timely[5] seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.[6] *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled in part by *Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir.1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991).

##### 1. Official Capacity Claims

Before discussing the substance of the Complaint, the Court considers the official capacity claims made against the Defendants. *See* ECF No. 1 at PAGEID 1 (naming all Defendants in their individual and official capacities). "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a

---

[5] Plaintiff's Complaint, filed within two years of his January 9, 2021, arrest, is timely as, "[t]he applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual." *Huntsman v. Perry Local Schools Bd. of Educ.,* 379 F. App'x 456, 461 (6th Cir. 2010).

[6] The Court notes that police officers are generally considered to act under color of state law. *See United States v. Torres–Ramos,* 536 F.3d 542, 554 (6th Cir.2008); *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 394 (6th Cir. 1989)). Plaintiff sufficiently alleges that all defendants were acting under color of law. That element, therefore, will not be addressed and is instead presumed in this section. *See generally* ECF No. 1.

suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Here, where Plaintiff sues the Defendants in their official capacities, his claims are essentially against Clark County and German Township.

Local governments like German Township or Clark County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

In this case, Plaintiff has not alleged any facts from which the Court could conclude that an official policy or custom of German Township or Clark County resulted in a violation of Plaintiff's constitutional rights as the Complaint does not refer to any official policies or customs. The Court therefore **RECOMMENDS** that all claims against all Defendants *in their official capacities* be **DISMISSED without prejudice**.

### 2. Individual Capacity Claims

Turning to Plaintiff's individual-capacity claims, Plaintiff has alleged false-arrest, unreasonable search and seizure, and malicious prosecution claims against all Defendants. The apparent theory of Plaintiff's Complaint is that the initial alleged Fourth Amendment violation—being followed and questioned upon stopping by police without probable cause—set the wheels in motion for the subsequent alleged illegal search and seizure, unlawful arrest, and malicious prosecution claims, as well as Plaintiff's sections 1985 and 1986 conspiracy and failure to prevent conspiracy claims. (*See* ECF No. 1.)

For the reasons set forth below, Plaintiff has alleged plausible claims against all Defendants for unlawful arrest and against Defendant Stortz for unlawful search of his vehicle. The Court recommends all remaining claims against the Defendants in their individual capacities be dismissed as set forth below.

### a. Unlawful/False Arrest

When a § 1983 claim is predicated on a claim of false arrest under the Fourth Amendment, "federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio,* 412 F.3d 669, 677 (6th Cir. 2005). "[T]here is no precise formula for determining the existence or nonexistence of probable cause; rather, a reviewing court is to take into account 'the factual and practical considerations of everyday life' that would lead a reasonable person to determine that there is a reasonable probability that illegality has occurred." *U.S. v. Strickland,* 144 F.3d 412, 415 (6th Cir. 1998). Of note, '[t]he existence of probable cause for an arrest totally precludes any [§] 1983 claim for unlawful arrest . . . regardless of whether the defendants had malicious motives for arresting the

plaintiff.'" (quoting *Hansel v. Bisard,* 30 F.Supp.2d 981, 985–86 (E.D.Mich.1998) (*quoting Mark v. Furay,* 769 F.2d 1266, 1269 (7th Cir.1985))).

Probable cause for an arrest requires only a "probability" of criminal activity, which exists when "the facts and circumstances within the officers' knowledge were sufficient to warrant a prudent man to believe that an offense was being committed," *see Lausin ex rel. Lausin v. Bishko*, 727 F. Supp. 2d 610, 633 (N.D. Ohio 2010) (internal quotations and citations omitted), at the "moment the arrest was made," *U.S. v. Dotson,* 49 F.3d 227, 230 (6th Cir.1995) (citations omitted). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir.1995). However, "even if a factual dispute exists about the objective reasonableness of the officer's actions, a court should grant the officer qualified immunity if, viewing the facts favorably to the plaintiff, an officer reasonably could have believed that the arrest was lawful." *Kennedy v. City of Villa Hills, Ky.,* 635 F.3d 210, 214 (6th Cir. 2011).

Here, Plaintiff alleges that he was seen by Reynolds, a police officer acting in the scope of his employment, while driving his car to a friend's house. ECF No. 1 at PAGEID 2. He submits Reynolds followed him in his car for several miles in the hopes Plaintiff would "commit a 'traffic violation' to justify a colorable, pre-textual fishing expedition, to arrest [Plaintiff] for anything under the sun, but specifically for [driving under the influence]." *Id.* at PAGEID 3. When Plaintiff arrived at his destination he stopped in his friend's private driveway and turned off his ignition when Reynolds—again without cause—blocked the driveway and entered his friend's property on foot, approaching Plaintiff's vehicle and asking to see Plaintiff's "papers," to which Plaintiff refused. *Id.* at PAGEID 2–3. Plaintiff further alleges Reynolds then called for backup, and after officers Garman, Stortz, and a third unnamed officer arrived, Plaintiff still

8

refusing to provide identification or get out of his car, was "coerced" via threats of force into exiting his vehicle and was immediately placed in custody and arrested without probable cause, after which his vehicle was searched, where Stoltz found old and empty beer cans, and he was transported to jail.[7] *Id.* at PAGEID 4. He also submits that ultimately the state court found that there was "no probable cause for arrest for OVI" and the case was dismissed voluntarily by the State. *Id.* at PAGEID 4–6.

As an initial matter, in the body of the Complaint Plaintiff describes actions by an unnamed officer but does not attempt to bring claims against him or otherwise name him as a defendant. Because the unnamed officer is not named as a defendant and is not a party to this case, the Court declines to analyze Plaintiff's statements with respect to this non-defendant and **RECOMMENDS** that any purported claims with respect to the unnamed officer be **DISMISSED**. S*ee Shipp v. CoreCivic*, No. 16-2891, 2018 WL 4265259, at *5 (W.D. Tenn. Sept. 6, 2018) (not analyzing allegations against individuals discussed in the complaint but not named as defendants).

In relation to Defendants Reynolds, Garman and Stortz, Plaintiff has plausibly alleged potential false-arrest claims against them for "failure to ID," obstructing official business, and operating a vehicle while under the influence. Here, Plaintiff adequately pleads that as part of his job as a police officer, Reynolds followed Plaintiff for several miles without probable cause and without stopping Plaintiff, waiting until Plaintiff had parked his car on private property to approach Plaintiff's vehicle and ask him for his identification, allegedly without any cause to do so. After Plaintiff refused to provide any identification to Reynolds, and refused to exit his vehicle when asked, Garman, Stoltz and an unnamed officer arrived on scene and assisted with

---

[7] The Court presumes that the officers acted without a warrant as Plaintiff does not allege a warrant was obtained.

his arrest, after which Stoltz searched his vehicle finding a box of beer including old empty beer cans, after which he was transported to jail. While Plaintiff does not specifically state which of the defendants threatened force or placed him under arrest, in reading the complaint in a light most favorable to him, the Court concludes that Plaintiff is alleging that all of the Defendants were present and involved in his allegedly wrongful arrest. Although it is somewhat unclear what specific constitutional claims Plaintiff intends to bring against each defendant, if the facts asserted by Plaintiff are taken as true, his allegations state a plausible claim for relief under § 1983 sufficient to pass initial screening.

For these reasons the Court **RECOMMENDS** that the Court allow Plaintiff to **PROCEED** at this time on his unlawful arrest claims against Reynolds, Garman, and Stortz in their individual capacities. The Court cautions that these are preliminary findings only for purposes of the required screening under 28 U.S.C. § 1915(e)(2) and not a reflection of its view on the merits.

      **b. Unreasonable Search Claims**

The Fourth Amendment protects individuals' security in their persons, houses, papers, and effects, against unreasonable searches and seizures. *See* U.S. Const. Amend. IV; *United States v. Torres–Ramos,* 536 F.3d 542, 554 (6th Cir.2008); *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 394 (6th Cir. 1989)). Plaintiff sets forth allegations supporting the following three unlawful search claims against Reynolds, Garman, and Stortz: (1) a traffic stop and a vehicle search that occurred after his arrest by Stortz; (2) a search of his person incident to his arrest by Reynolds; and (3) a search of his person due to the drawing of his blood pursuant to what he asserts was an improper search warrant executed by Reynolds and Garman. ECF No. 1 at PAGEID 4–5. Each are addressed below.

      **1.** *Vehicle Search*

Immediately after Plaintiff was handcuffed, arrested, and seated in Reynold's vehicle without probable cause, Plaintiff alleges that he observed Stortz using a "slim jim" to open and search his vehicle. ECF No. 1 at PAGEID 4. Plaintiff makes no mention in his Complaint, however, of any of the other defendant officers' involvement or presence during the alleged vehicle search, including Reynolds, who presumably remained present at the scene based on the proximity of his vehicle to it. *See Id.*

To survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In other words, more is required to support a claim than "labels and conclusions." *Twombley,* 550 U.S. at 555.

Plaintiff asserts facts that would support an unlawful search and seizure claim relating to the search of his vehicle only as to Stortz, as he supplies no fact establishing that officers Reynolds or Garman participated in the vehicle search.

Because Plaintiff's vehicle search allegations against Reynolds and Garman are insufficient, the Undersigned **RECOMMENDS** that all claims against Reynolds and Garman in their individual capacities related to the vehicle search be **DISMISSED without prejudice** as to Reynolds and Garman in their individual capacities.

It is further **RECOMMENDED** that the Court allow Plaintiff to **PROCEED** at this time on his unlawful search and seizure claim against Stortz in his individual capacity.

### 2. *Pat-down Search*

Upon reaching the jail after he was arrested Plaintiff alleges Reynolds unlawfully performed a pat down search where he inappropriately touched Plaintiff's genitals multiple times. (*Id.* at PAGEID 4–5, 9.) Plaintiff specifically alleges that the touching was an "outrageous" search violative of his constitutional rights to be free from unwanted search and seizure but does not indicate any physical or mental harm suffered from the incident.

As an initial matter, as set forth above, relating to the unwanted touching, Plaintiff does not assert either Garman or Stortz were present for or participated in the search. Because Plaintiff's unwanted touching allegations against Garman and Stortz are insufficient, the Undersigned **RECOMMENDS** that any claims based on those allegations be **DISMISSED without prejudice** as to Stortz and Garman in their individual capacities.

In relation to Plaintiff's unlawful search claim against Reynolds related to the touching of his genitals in the course of a pat down search at the jail,[8] although Plaintiff alleges sufficient facts describing the undesired conduct, it is to no avail as the allegation that Reynolds squeezed his penis and testicles in the course of a single search incident to arrest is insufficient to implicate constitutional concerns. *Shaffer v. Campbell*, No. 3:07-CV-P630-S, 2010 WL 2836083, at *2 (W.D. Ky. July 16, 2010) (explaining that courts "considering similar claims have held that

---

[8] The Court notes that while Plaintiff brings his claim under the Fourth Amendment's prohibition against unreasonable search and seizure, "the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain'[is] forbidden by the Eighth Amendment." *Kelly v. Moose*, No. 3:12-CV-01339, 2013 WL 141132, at *2 (M.D. Tenn. Jan. 10, 2013) (quoting *Freitas v. Ault,* 109 F.3d 1335, 1338 (8th Cir.1997) (quoted cases omitted)). "However, to prevail on a constitutional claim of sexual abuse, an inmate must prove, as an objective matter, that the alleged abuse caused pain and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* (cleaned up). Here, as Plaintiff alleges no pain was caused by the alleged touching, he could not prevail under the Eighth Amendment even if he had brought his claim under it.

allegations of contact with an inmate's genitals during the course of a single pat-down search or full frisk are insufficient to support a claim of constitutional dimension") (collecting cases).

Because Plaintiff's unwanted touching allegations against Reynolds fail to state a claim on which relief can be granted, the Court **RECOMMENDS** that any claims based on those allegations be **DISMISSED without prejudice** as to Reynolds in his individual capacity.

3. *Blood Search*

Plaintiff alleges that a blood draw under what he alleges was an invalid warrant violates the Fourth Amendment. ECF No. 1 at PAGEID 9–10.

First, only Defendants Reynolds, Garman and an unidentified "deputy" were present at the hospital for the blood draw. Because Plaintiff's fails to allege any facts supporting his claim that Stortz was involved with the blood draw, the Court **RECOMMENDS** that any claims based on those allegations be **DISMISSED without prejudice** as to Stortz in his individual capacity.

While the collection and subsequent analysis of blood and urine samples have been deemed Fourth Amendment searches by the United States Supreme Court, *see Skinner v. Ry. Labor Executives' Ass'n,* 489 U.S. 602, 618, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) ( "the collection and subsequent analysis of the requisite [blood and urine] samples must be deemed Fourth Amendment searches"), police officers are insulated from a § 1983 action for illegal search and seizure if a warrant has been obtained, unless the warrant application is so lacking in indicia of probable cause that official belief in the existence of probable cause is unreasonable, *see Malley v. Briggs,* 475 U.S. 335, 344–45 (1986).

Here, although Plaintiff alleges the warrant was insufficient, his Complaint contains no allegations related to its sufficiency. Presumably, therefore, he contends the warrant was invalid based on his claims that the underlying stop, search, and arrest were invalid. However, the

13

validity of a warrant relies on the contents of the warrant application, which here no details are alleged.

As Plaintiff's Complaint contains no discussion of the contents of the warrant, Plaintiff's allegations against Garman and Reynolds relating to the blood draw are insufficient. As such the Court **RECOMMENDS** that any claims based on the blood draw against Garman and Reynolds in their individual capacities be **DISMISSED without prejudice**.

### c. Malicious Prosecution Claims

Plaintiff claims that prosecution on the charges of "failure to ID" and Obstructing Official Business were malicious as they were both dismissed upon motions by the State, and that prosecution of his OVI charge was malicious as the charge was dismissed "twice" upon motions by the State. ECF No. 1 at PAGEID 10–11. In all three claims he alleges that all three Defendants are liable due to "being the principal perpetrator, conspiracy to commit and/or failure to intervene; guilt by association." *Id.*

The United States Court of Appeals for the Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." *Barnes v. Wright,* 449 F.3d 709, 715 (6th Cir.2006) (internal quotations omitted). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution of legal process.*' " *Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir.2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007)) (emphasis in original). The Sixth Circuit has described the elements of a federal malicious prosecution claim as follows:

> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the

14

>   decision to prosecute. Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Id.* at 308–09 (cleaned up).

Under the first malicious prosecution element, "[w]hether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions." *Id.* at 312 n. 9. "[T]o demonstrate that the law enforcement officer "commence[d] a criminal proceeding for the purposes of a malicious prosecution claim" through testimony or the submission of investigative materials, a plaintiff must typically demonstrate that the officer: "(1) stated a deliberate falsehood or showed reckless disregard for the truth ... and (2) that the allegedly false or omitted information was material to" subsequent prosecutorial decisions or Court proceedings. *Id.* at 312.

In this case, Plaintiff's Complaint contains no allegations constituting participation or influence by any of the Defendants in the decision to prosecute Plaintiff. The entirety of his allegations relating to the prosecution of his case are as follows: he was arrested for failure to disclose personal information, obstructing official business, and operating a vehicle under influence of alcohol and/or drugs, that all charges were originally filed in the Clark County Municipal Court, but were "dismissed upon motion by the prosecutor after [he] was indicted for felony OVI," and that following a suppression hearing it was determined there was "no probable cause for arrest for OVI" and the case was dismissed voluntarily by the State. ECF No. 1 at PAGEID 4–6.

Therefore, no reasonable inference can be drawn that any Defendants made, influenced, or participated in the decision to prosecute Plaintiff. Therefore, even when accepting as true the


factual allegations in the Complaint and construing it and the contents of the other appropriate documents in Plaintiff's favor, the Court concludes that Plaintiff has failed to set forth a plausible claim for malicious prosecution.

For these reasons, the Court **RECOMMENDS** that all of Plaintiff's malicious prosecution claims be **DISMISSED**.

### d. Section 1985 Claims

In Counts I though IX, Plaintiff alleges a conspiracy amongst the Defendants in violation of 42 U.S.C. § 1985. To invoke the protection of Section 1985, however, a plaintiff must show "the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]" ' *Haverstick Enterprises Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 994 (6th Cir.1994) (quoting *United Brother-hood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 829 (1983).[9] Plaintiff here has not alleged any racial or other traditionally cognizable class based discriminatory animus. In fact, Plaintiff does not make any allegations in his complaint that could conceivably be construed to support these claims. Therefore, dismissal for failure to state an actionable claim is warranted here. See *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir. 1975); *Gleason v. McBride,* 869 F.2d 688, 695, (2nd Cir. 1989); *Carchman v. Korman Corp.,* 594 F.2d 354 (3rd Cir. 1979); *Rogers v. Tolson,* 582 F.2d 315, 317 (4th Cir. 1978); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673 (6th Cir. 1976); *Arnold v. Tiffany,*

---

[9] Both the Supreme Court and the Sixth Circuit were specifically referring to the provisions of Section 1985(3), and to the extent Plaintiff intends to rely on the second clause of Section 1985(2) there is no difference as courts generally agree that the second clause of Section 1985(2) carries the same pleading requirement as Section 1985(3). *Sterling v. Trotter*, No. C2-01-528, 2002 WL 484983, at *7 (S.D. Ohio Mar. 27, 2002). (citing *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975); *Herrmann v. Moore,* 576 F.2d 453, 457–58 (2nd Cir.1978); *Pravda v. City of Albany, N.Y.,* 956 F. Supp. 174, 180 (N.D.N.Y.1997)("It is well settled that a plaintiff attempting to establish a claim under 42 U.S.C. § 1985(2), clause 2, or § 1985(3), must demonstrate that the defendant under consideration acted with class-based invidiously discriminatory animus")).

487 F.2d 216 (9th Cir. 1973); *Wilhelm v. Continental Tire Co.,* 720 F.2d 1173, 1176 (10th Cir. 1983); *see also Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985).

For these reasons, the Court **RECOMMENDS** that all of Plaintiff's § 1985 claims be **DISMISSED without prejudice.**

    e.  **Section 1986 Claims**

In Counts I though IX, Plaintiff also claims violation of 42 U.S.C. § 1986 by all Defendants. ECF No. 1 at PAGEID 6–11. It is clear, however, that a valid claim can be stated under § 1986 only if the complaint states a valid claim under § 1985. *Haverstick Enterprises,* 32 F.3d at 994 (citing *Browder v. Tipton,* 630 F.2d 1149, 1155 (6th Cir. 1980)). Like his § 1985 claims, therefore, Plaintiff also fails to state a claim upon which relief can be granted.

For these reasons, the Court **RECOMMENDS** that all of Plaintiff's § 1986 claims be **DISMISSED without prejudice**.

**IV.    Conclusion**

Having conducted the initial screen required by law, the Undersigned **RECOMMENDS** that the Court allow Plaintiff to **PROCEED** at this time on his unlawful arrest claims against Defendants Reynolds, Garman, and Stortz (in their individual capacities), and his unlawful search claim for the search of his vehicle against Defendant Stortz in his individual capacity.

The Court further **RECOMMENDS** that the Court **DISMISS without prejudice** the remaining claims against all Defendants (and non-parties) in the Complaint in their individual and official capacities.

Should the District Judge adopt this recommendation, this Court further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

17

Plaintiff is reminded that he must keep this Court informed of his current address and promptly file a notice of his new address if he is released or transferred to a different institution.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Dated: January 24, 2023 */s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE