IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WOOD, | : | |
| Plaintiff, | | |
| v. | : | CASE NO. 3:22-CV-351 |
| ANTHONY REYNOLDS, et al., | | JUDGE WALTER H. RICE |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #13) AND OVERRULING ALL OBJECTIONS THERETO (DOC. 14)

---

This matter is before the Court on the Report and Recommendations of Magistrate Judge Elizabeth A. Preston Deavers. Doc #13. Plaintiff Michael Wood ("Plaintiff" or "Wood") filed his Objections. Doc. #14. This Court has reviewed said Report and Recommendations, the applicable law, and the objections thereto, Doc. #14, and has conducted a thorough *de novo* review of the entire file, including the complaint, amended complaint, and related filings. Doc. ##1, 11. For the reasons set forth below the, the Court ADOPTS the Report and Recommendations and OVERRULES any objections thereto, and, in doing so, DISMISSES all the Plaintiff's claims except the following:

- Against Defendants Anthony Reynolds ("Reynolds"), Major Russell Garman ("Garman"), and Zach Stortz ("Stoltz") in their individual capacities:
    A. Civil conspiracy
    B. Unlawful arrest
    C. Failure to intervene for all Defendants' participation in Plaintiff's arrest.

- Against Defendants Garman and Reynolds in their individual capacities:
    A. Unlawful search of blood
    B. Malicious prosecution
    C. Failure to intervene regarding Stortz' search and seizure of Plaintiff's vehicle and its contents.

- Against Defendant Stortz in his individual capacity:
    A. Unlawful search and seizure of Plaintiff's vehicle and its contents.

- Against Defendant Garman in his individual capacity:
    A. *Respondeat superior* for the wrongful arrest claim brought against defendant Reynolds.

I.  **Procedural Background**

On December 1, 2022, Wood, a state prisoner proceeding *in forma pauperis* and *pro se*, submitted his Initial Complaint, alleging various claims against Anthony Reynolds ("Reynolds"), Major Russell Garman ("Garman"), and Zach Stortz ("Stoltz," collectively "Defendants"). Doc. #1. On January 24, 2023, the Magistrate Judge issued a Report and Recommendations ("R&R"), Doc. #5, recommending that Wood's unlawful arrest claims against all Defendants in their individual capacities, and the individual capacity claim against Defendant Stortz for the unlawful search of Wood's vehicle, be allowed to proceed, but that all remaining claims be dismissed without prejudice.

Following this, Wood filed motions seeking both leave to amend his Initial Complaint and additional time to object to the Initial R&R. *See* Docs. ##6 & 7. The

2

motion for additional time to object was granted, Doc. #8, but the motion for leave to file was denied without prejudice for failing to inform the Court how Wood intended to amend his Complaint. Doc. #9, PageID #63. However, because the motion was filed prior to the deadline for objections on the initial R&R, the Magistrate Judge set a March 27, 2023, deadline for amended pleadings. *Id.* at PageID #63. Then, on March 1, 2023, Plaintiff filed his Objection to the R&R, Doc. #10, and eight days later he filed an Amended Complaint, Doc. #11, which sought to address some of the Initial Complaint's deficiencies described in the R&R, Doc. #5, as well as to add additional claims against the Defendants. *See generally* Doc. #11.

On August 17, 2023, the Magistrate Judge terminated the prior R&R and issued a new R&R, Doc. #13, responding to the Amended Complaint, Doc. #11. In the R&R, the Magistrate Judge recommended that Wood be allowed to proceed with the civil conspiracy, unlawful arrest, and failure to intervene claims against all three Defendants in their individual capacities; the unlawful search of blood and malicious prosecution claims against Garmin and Reynolds in their individual capacities; the unlawful search of vehicle claim against Stortz in his individual capacity; and the *respondeat superior* claim against Garman in his individual capacity. Doc. #13, PageID #125. The Magistrate Judge further recommended that all other claims should be dismissed without prejudice, and that any appeal taken by Wood on this recommendation should not be allowed to proceed *in forma pauperis*. *See id.*

On August 28, 2023, Wood filed his Objections to the R&R, Doc. #14, which disputed the Court's exclusion of *all* Defendants as liable persons for each and every

3

claim under 28 U.S.C. § 1983, as well as the dismissal of his claims against the Defendants in their official capacities representing German Township ("Township") and the Clark County Sheriff's Department ("County").

The matter is ripe for review.

## II. Factual Background

In summarizing Plaintiff's claims against Defendants, Plaintiff presents the facts as follows:

> 7. On the evening of January 9, 2021, I was traveling to surprise visit a friend who I have known since grade school. . . .
> 8. At approximately 7:52 pm I reached the intersection of Folk Ream Rd. and St. Rt. 41 in German Township. I noticed a marked German Township SUV parked in a residential driveway, facing St. Rt. 41. After I turned right onto St. Rt. 41, passing in front of the SUV, an officer, now known as Anthony Reynolds, is heard saying on audio recording, "that's him".
> 9. At this time, I had never, seen, interacted with, nor even heard of Anthony Reynolds. However, Reynolds knew the description of me, my automobile and was determined to act against me based on a prejudiced assumption, to my detriment.
> 10. Reynolds then pulled out of the driveway and proceeded to follow me, because I'm Michael Wood, for approximately 4 miles, [or] 5 minutes[] and 36 seconds, hoping that I would commit a "traffic violation" to justify a colorable, pre-textual [sic] fishing expedition, to arrest me for anything under the sun, but specifically for OVI. . . .
> 11. At approximately 7:57 pm, I turned into the private driveway of the White residence, 5763 Ballentine Pk. . . .
> 12. After I parked my car on the black top driveway, directly in front of the White home (20- 30 ft.), and turned the ignition off, I noticed the marked police SUV parked in the road with emergency lights on, blocking and obstructing a lane of travel on Ballentine Pk. and part of the private driveway.
> 13. Fearing that my safety and potentially my life was [sic] in jeopardy, I remained in my car.
> 14. Reynolds came onto the private property, approached the user side of my automobile and asked for my papers. I clearly and reasonably

4

claimed, invoked, asserted, exercised my 4th, 5th, 6th Amendment Rights and stated that I feared for my life.

15. Reynolds requested assistance to perpetrate a misguided, targeted, constitutionally offensive, kinetic operation.

16. Upon Reynold's request, Lt. Russell Garman, Deputy Zach Stortz and an unknown agent of the Highway Patrol responded to the 5763 address. After I was ordered to exit my car, I rolled up my windows and locked all of my doors. My glove box was locked, as it always is, and my trunk was secured as well.

17. I was coerced into getting out of my car by [the] perceive[d] threat of a violent extraction if I failed to submit to the order. I was immediately grabbed, pushed against my car and restrained with handcuffs behind my back.

 18. I later found out, that [sic] at the point of handcuffing, I was effectively arrested for: Failure To Disclose One's Personal Information; Obstructing Official Business and Operating Vehicle Under Influence Of Alcohol And/Or Drug Of Abuse at 8:16 pm. . . .

19. After being placed in Reynold's SUV, I observed Deputy Stortz pull his marked Sheriff's SUV on to the private property then retrieved a "slim Jim" tool which he used to breech my car to remove a "Box of Bud Light beer, 7 Open Containers (cans) of Bud Light beer". . . .

20. However, none of the cans were "open containers"; they were all empty, crushed and several days[/]weeks old.

21. I was transported to the Clark County Jail, where prior to entering, Reynolds "searched" me[,] touching and rubbing my penis as I squirmed and yelled "Hey! Hey! Heyl; [sic] stop that's my penis." He then squeezed my penis.

22. He returned to rubbing down my right leg at the thigh/pocket area, but then he put the base of his palm under my crotch and testicals [sic] with pressure and pulled up on my genitals through my jeans. I yelled, "You just did it again" called him a fl%*ing [sic] homosexual and told him, "don't get down like that".

23. I was booked into the jail and held in the "bird cage", A small cell with only a protrusion of concrete from the wall to lay on and a grated whole in the floor as a toilet, while an invalid warrant was obtained, by Reynolds and Garman, at 11:10 pm on January 9, 2021, 3 hrs. 13 min. after the operation of vehicle, to draw the blood from the veins in my body. . . .

 24. I was transported to the Springfield Hospital where the blood evidence was extracted by Kaitlyn Lare at 12:14 am on January 10, 2021, 4 hrs. 14 min. after operation of vehicle. Reynolds, Garman and an unidentified deputy were all present. . . .

> 25. I was returned to the "bird cage" in the Clark County Jail where I was held until approximately 9:15 am on January 10, 2021.
> 26. My car was towed from the private property by Maine's Towing (not Dan's) to the German Township Garage at 10:03 pm on January 9, 2021. . . . While in police possession, the glove box and trunk were unlawfully search[ed], presumably by Michael Stitzel, Chief of [P]olice.
> 27. I eventually received my car back, from Maine's on February 5, 2021. . . .
> 28. All charges were originally filed in the Clark County Municipal Court but were dismissed upon motion by the prosecutor after I was indicted for felony OVI.
> 29. After a suppression hearing, the trial court determined that there was no probable cause to arrest for OVI, suppressing all statements and evidence from the unlawful arrest.
> 30. The State, through the prosecutor, moved to dismiss the case. Sometime prior to the end of April 2021, the judge dismissed the case, State v Wood, 21-CR-32, upon said motion.

See Doc #1, PageID ##2-6. Wood also filed an Amended Complaint, Doc. #11, which incorporated his previous complaint, elaborated on his claims, and added additional facts:[1]

> 3. When I was in Reynold's SUV, parked on the road, Reynolds, Garman and Stortz were all standing around looking into my car and communicating with one another in the driveway, on White's private property. They were, presumably, conspiring to break into my car. They all agreed [sic] and the final decision was effectuated by Stortz.
> 4. A tow truck arrived at the White's address. Garman and Reynolds were both talking on their cell phones to unknown persons, (presumably prosecutor Kevin Miller and Michael Stitzel, chief of German Township Police) still actively participating in the scene, while Stortz was using the "slim-jim," i.e., criminal tool, to break into my car to search for and seize evidence to be used against me in a prosecution for OVI.
> 5. All named defendants, Reynolds, Garman and Stortz, participated in my unlawful arrest and were still on scene when my car was searched. Reynolds, Garman and Stortz were all present at the private property until I was transported to jail by Reynolds. Garman and Stortz stayed

---

[1] The Amended Complaint, Doc. #11, includes more facts than those restated herein. However, because they are duplicative, mixed statements of fact and law, or otherwise irrelevant to the instant order, they are not included here.

6

after with the tow truck driver and cleared the scene that Reynolds arbitrarily and maliciously created.

6. When I went to Maine's Towing and Recovery to retrieve my stolen property on Feb 4, 2021, costing me $252.04, the tow truck driver from the night of January 9, 2021 [sic] opened the yard gate and took me to my car. He stated that he "was on scene [at the White address] for two hours before he could hook up [to my car] because they [defendants] were trying to figure out a way to search the glove box and trunk 'because there might have been a gun in the glove box or a dead body in the trunk."' Which is why it was originally seized and taken to the German Township Police garage.

7. I can only, reasonably, presume that Reynolds and Garman made the final decision to have my car towed to the German Township garage in order to have more time to scheme a way to search the glove box and trunk for evidence of other crimes and Stortz participated and/or failed to intervene.

8. As I was beginning the book-in process at the Clark [C]ounty jail, where I was unlawfully imprisoned for more than 13 hours, Garman and Reynolds both left together to get the invalid warrant signed. Later, after I was processed and held in the bird cage, they both returned together with the warrant signed by judge O'Neill. Reynolds and Garman were attached at the hip from the moment Garman showed up at the White residence and presumably after the blood draw was effectuated to conspire with Reynolds in the fabrication of all documents and the "story" to tell.

9. Reynolds and Garman presented false, misleading statements to the judge in order to influence and persuade him to issue the "invalid" search warrant.

10. The warrant was not "valid" because it was not even signed within the three-hour time limit, "from the operation of the vehicle," i.e. "alleged offense," proscribed to effectuate the warrant, [i.e.,] to actually draw the blood.

11. The blood was not drawn until four hours and seventeen minutes "from the operation of the vehicle."

12. The fabricated, false and misleading statements presented by Reynolds and Garman to the judge and in the affidavit continued and were presented with intent to mislead and influence the prosecutor to charge me with OVI and the grand jury to indict.

13. After hiring an attorney, costing $12,000.00 in legal fees, a motion was filed for a suppression hearing challenging the lawfulness of the arrest for OVI. Doc. #11, PageID ##83–85.

### III. Merits

In his Objections to the R&R, Wood disputes (1) the finding that all Defendants are not personally liable under 28 U.S.C. § 1983 for acts that took place without their direct involvement or presence, and (2) the recommended dismissal of his claims against the Defendants in their Official Capacity. *See generally* Doc. #14. For the following reasons, this Court **ACCEPTS** the Magistrate Judge's recommendations and **OVERRULE** Wood's objections thereto.

First, Wood objects to the Magistrate Judge's recommendation that Defendants are not personally liable for claims that they were not present for or with which they were not personally involved. Doc. #14, PageID #131. Wood alleges that (1) all Defendants knew, either actually or constructively, that his arrest was unlawful; (2) that each Defendant had the ability to prevent the co-defendants from violating his rights; and (3) each defendant actively participated in the unconstitutional acts. *Id.* at PageID #131–33. Consequently, Wood contends that each Defendant should be held liable for each and every claim. *Id.* at PageID #133.

The Court agrees that, while the Amended Complaint presents sufficient facts to allege that Defendants engaged in a civil conspiracy, it does not present sufficient facts to show that each Defendant should be personally liable for claims that they were either not directly involved in or otherwise present for. The Magistrate Judge analyzed Wood's pleadings at great length, Doc. #13, and found his subsequent objections apply broadly to all of the individual claims recommended for dismissal. *See, e.g.,* Doc. #14, PageID #132–33 (stating "the initial causation [for the unlawful

8

arrest] was the ultimate taint," which was itself the "quintessential catalyst necessary to facilitate the perpetration of *all other subsequent violations* presented as plain and reasonable claims") (emphasis added). However, none of the arguments in Wood's objections merit further attention as they are otherwise addressed by the Magistrate Judge. *See* Doc. #13, PageID ##113–24. Instead, to address Wood's contention that all individual claims are inseparably tied to the false arrest conspiracy, *see* Doc. #14, PageID #132–33, the Court will briefly discuss his unlawful search claims against Garman and Reynolds.

After reviewing both complaints, the Magistrate Judge recommended the dismissal of the individual claims against Garman and Reynolds for illegal search and seizure of Wood's vehicle. Doc. #13, PageID #116. In doing so, the Magistrate Judge observed that, despite additional facts in the Amended Complaint regarding the vehicle's search, seizure, and subsequent follow-on search post-seizure, Wood "still does not allege Garman or Reynolds took part in the initial search of the vehicle or its contents by Stortz, or that either Garman or Reynolds ever searched or seized the contents of the vehicle at any time afterwards." Doc. #14, PageID #115. Wood's objection to the dismissal of these claims rests predominantly on his assertion that the alleged central conspiracy to unlawfully arrest him "was the quintessential catalyst necessary to facilitate the perpetration of all other subsequent violation of rights." Doc. #14, PageID #133. This specifically applies to the wrongful search and seizure of Wood's vehicle because "all named defendants were present . . . and were still on the scene when [Wood's] car was searched." *Id.*

9

Wood misstates how broadly his civil conspiracy claim interacts with all the other individual claims against Defendants. At its core, Wood's complaints contend that Defendants conspired to unlawfully arrest him. The Magistrate Judge recognized this and observed that Wood pled sufficient facts to support the case moving forward on that claim, among others. However, there is no separate claim that Defendants conspired to unlawfully search and seize Wood's vehicle, and the facts presented in the complaints indicate that Wood had already been placed under arrest by the time his vehicle was searched, seized, and searched again. *See, e.g.,* Doc. #1, PageID #4. So, absent additional facts that there was a separate and concurrent conspiracy to search and seize his car, or that Garman and Reynolds were more directly involved with the search and seizure of the vehicle, Wood's complaints cannot sustain individual illegal search and seizure claims against Garman and Reynolds.

Second, Wood also objects to the Magistrate Judge's recommendation that his claims against Defendants in their Official Capacities should be dismissed because he failed to demonstrate that the Defendants' conduct resulted from some deliberate practice of the municipality or the existence of a policy which authorizes unconstitutional conduct. Doc. #14. To sue the Defendants in their Official Capacity (here, Defendants represent either the Township or the County), Plaintiff must allege (1) the violation of a right secured by the Constitution or Laws of the United States; and (2) that the violation of that right was "directly caused by a municipal policy or custom." *See Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020)

(citing *Hardrick v. City of Detroit*, 876 F. 3d 238, 243 (6th Cir. 2017))." An unconstitutional policy or custom can be proven by showing:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)); *accord Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (stating a municipal government can be liable under 28 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers *or by those whose edicts or acts may fairly be said to represent official policy*, inflicts the injury") (emphasis added). As set out by the Magistrate Judge and referenced in the Initial Complaint, Wood did not refer to any official policy or custom specifically, nor did he allege any facts to support that there was an official policy that resulted in a pattern of violating other's rights. In his Objection, Wood still failed to provide adequate support to allege that there was a policy or custom resulting in the violation of other's rights, but instead makes the conclusory allegation that the Chief of the German Township Police and the Clark County Sheriff, as final policy makers in their respective departments, had a policy and or custom of targeting and retaliating against Wood for his First Amendment activity and general constitutional activism. Doc #14, PageID #135. No mention is made of the First Amendment activities and activism for which Wood alleges he is receiving retaliatory arrests, nor are facts provided on the types of policies, legislative announcements, or customs

11

that would otherwise provide a basis for official capacity claims. *See Burgess*, 735 F.3d at 478 (citation omitted).

Instead, Wood includes a host of citations to both reported and unreported cases in both federal and state courts that he asserts "should be sufficient *inferential proof and constructive notice* of 'a pattern or practice of deliberate indifference to my constitutional rights' approved as a policy and/or custom of the named entities." *Id.* (citing *City of Canton v. Harris*, 489 US 378 (1989)) (emphasis added).[2] However, regardless of what evidence or support Wood's cited cases might provide on his official capacity claims, Wood did not raise them prior to his instant objections to the R&R, and "issues raised for [the] first time in objections to [a] magistrate judge's [R&R] are deemed waived." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). In summary, Wood's allegations are insufficient to sustain a claim against Defendants in their official capacities because Wood failed to show either a custom or policy that has

---

[2] The cases cited by Wood in support of his objection to dismissal of his official capacity claims are included herein: *Wood v. Eubanks*, 25 F.4th 414 (6th Cir. 2022) (involving a case between Wood and the Clark County Sheriff's Department); *Wood v. Warden*, No. 3:19-cv-304, 2020 U.S. Dist. LEXIS 210557 (S.D. Ohio Nov. 10, 2020) (dismissing with prejudice Wood's state habeas claim); *Wood v. Burchett*, 3:22-CV-11 (involving a stipulated dismissal of all claims, with prejudice, involving Clark County agencies); *State v. Wood*, 21-TRD-6293, 22-CA-36, unpublished; *State v. Wood*, 22-CR-488, 22-CA-67, unpublished; *Boyce v. City Hall*, No. 3:19-cv-181, 2019 US Dist. LEXIS 125510 (S.D. Ohio Jul. 26, 2019) (Newman, MJ.) (report and recommendation striking three of four *pro se* plaintiffs from initial), *dismissed sub nom. Boyce v. City Hall for Springfield*, No. 3:19-cv-181, 2023 U.S. Dist. LEXIS 53547 (S.D. Ohio Mar. 28, 2023) (Rice, J.); and *Nolan v Clark Cnty. Bd. Of Cnty. Comm'rs*, No. 3:21-cv-330, 2022 US Dist. LEXIS 202979 (S.D. Ohio Nov. 7, 2022) (Newman, J.) (granting judgment on the pleadings for all but three defendants).

resulted in injury or prior incidents of arrest, being targeted, harassed, retaliated against, or other forms of abuse.

### IV. Conclusion

Based on the forging, the Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #13, and OVERRULES any objections thereto, and, in doing so, DISMISSES all the Plaintiff's claims except the following:

- Against Defendants Anthony Reynolds ("Reynolds"), Major Russell Garman ("Garman"), and Zach Stortz ("Stoltz") in their individual capacities:
    - D. Civil conspiracy
    - E. Unlawful arrest
    - F. Failure to intervene for all Defendants' participation in Plaintiff's arrest.

- Against Defendants Garman and Reynolds in their individual capacities:
    - B. Unlawful search of blood
    - C. Malicious prosecution
    - D. Failure to intervene regarding Stortz' search and seizure of Plaintiff's vehicle and its contents.

- Against Defendant Stortz in his individual capacity:
    - B. Unlawful search and seizure of Plaintiff's vehicle and its contents.

- Against Defendant Garman in his individual capacity:
    - A. *Respondeat superior* for the wrongful arrest claim brought against defendant Reynolds.

Following service of the complaint, Defendants shall file their responsive pleadings in accordance with Rules 4 and 12 of the Federal Rules of Civil Procedure.

The Court will hold a preliminary pretrial conference ten (10) days thereafter.

Date: May 8, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE